IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

TIMOTHY JOST, )
    Petitioner, )
  )
v. )
  ) No. 7:06-CV-031-O
NATHANIEL QUARTERMAN, Director, )
Texas Department of Criminal Justice, )
Correctional Institutions Division, )
    Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This is a petition for writ of habeas corpus which was referred to the undersigned United States magistrate judge for the purpose of a hearing and making a recommendation as to disposition of the case. The petitioner, Timothy Jost, is an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. He seeks to challenge the validity of disciplinary action no. 20050162560 which was taken against him when he was confined in the Boyd Unit of the TDCJ in Teague, Texas.[1] *Petition ¶ 17.* Jost was found guilty of operating an unauthorized business in prison. *Transcript of Audiotape of Disciplinary Hearing at pp. 22-23 (hereinafter "Disciplinary Transcript at p. ___ ").* As a result of the charge, he lost 90 days of

---

[1] In his original petition, Jost also sought a court order directing the TDCJ to restore a total of 55 days of good-time credits taken from him in disciplinary actions no. 20050124024 and 20050132546. *Petitioner's Brief, attached to Petition at p. 3.* The parties have reached an agreement with regard to the disposition of those claims and have stipulated to that agreement. *Transcript of Habeas Evidentiary Hearing p. 14.* Therefore, the court will not address those claims.

*RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS - Page 1*

previously earned good time credits, his custodial classification level was reduced, he was placed on 45 days of recreation and commissary restriction and his contact visitation privilege was suspended for approximately four months. *Id. at pp. 23-24.* In support of the instant petition, Jost presents the following grounds for relief:

1. the disciplinary charge was not prosecuted within the time allowed under prison administrative rules;

2. insufficient evidence to support the finding of guilt;

3. he was denied the right to confront or question his accuser, who happened to be the officer conducting the disciplinary hearing;

4. he was denied the right to call witnesses and denied the right to present evidence;

5. the hearing officer stopped and started the audio tape thereby leaving out key parts of the disciplinary hearing;

6. the charging officer submitted a falsified charging instrument;

7. ineffective assistance of counsel;

8. the disciplinary action was taken against him for purposes of retaliation;

9. denial of the right to 24 hours notice of the charge against him;

10. involuntary plea of guilty, and;

11. he is wrongfully classified as a "predatory" inmate because of the extortion charge for which he was not found guilty.

*Petitioner's Brief, attached to Petition, at pp. 2, 3, 5 & 22. (hereinafter "Petitioner's Brief at p.___"); Supplemental Petition at p. 3.*

On June 30, 2008, an evidentiary hearing was conducted in this matter wherein the parties provided sworn testimony and other evidence to the court. Thereafter, transcripts of the prison disciplinary proceeding and of the evidentiary hearing were filed and the parties submitted their post-

*RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS - Page 2*

hearing briefs. Upon review of the pleadings, papers and evidence submitted in this action, the court finds and recommends as follows:

The due process rights of prisoners are generally limited to freedom from restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Restrictions which merely alter the conditions of confinement do not implicate due process. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (commissary and cell restrictions); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (same). A prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi*, 211 F.3d at 957-58; *see also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991) (finding that Texas prisoners have no protected liberty interest in early release on parole).

When a prisoner has a protected liberty interest in the loss of accrued good time credits, the revocation of such credits must comply with minimal procedural due process. *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *see Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (holding that prisoners are entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated"). These minimal requirements are: (1) written notice of the alleged disciplinary violation at least 24 hours prior to a hearing; (2) the opportunity to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied upon and the reasons for any disciplinary action taken. *Wolff*, 418 U.S. at 563-68. The second requirement under

*Wolff* is limited in that confrontation and cross-examination of witnesses is not constitutionally required. *Id.* at 567-68; *Wade v. Farley*, 869 F.Supp. 1365, 1375 (N.D. Ind. 1994). Additionally, prison officials may, at their discretion, limit the number of witnesses called without offering an explanation to the prisoner. *Wolff,* 418 U.S. at 563-68. "[T]he federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994) (citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir.1981)). "This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials," *id.*, or where a due process violation is demonstrated.

The court initially observes that a reduction in custodial classification and temporary restrictions on privileges as a result of a prison disciplinary action do not implicate due process concerns. *See Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. However, petitioner lost previously earned good-time credits and he is eligible for release to mandatory supervision. *Petition ¶¶ 16 & 18*. Therefore, he has a constitutionally protected liberty interest sufficient to justify the consideration of his petition on the merits. *See Malchi*, 211 F.3d at 958-59.

In his first ground for relief, Jost claims that the disciplinary charge was not prosecuted within the time allowed under prison administrative rules. *Petitioner's Brief at p. 21*. Specifically, petitioner claims that the rehearing on the charge of extortion, which is at issue in the instant case, was conducted ten days past the thirty-day deadline set forth in the TDCJ Offender Grievance Operational Manual, Chapter VII, p.5, item #14. Jost argues that the rule mandates that a rehearing be held within thirty-days of the incident.

To the extent, if any, that Jost is correct in his interpretation of the administrative rule, he is not entitled to relief on this ground. It is well settled that a prison authority's failure to follow internal rules or administrative procedures does not, in itself, give rise to any issue of constitutional magnitude as long as minimum constitutional requirements are met. *E.g. Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). "Mere failure to accord the procedural protections called for by state law or regulation does not of itself amount to a denial of due process." *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995). In the case at bar, Petitioner has failed to demonstrate any prejudice or due process concerns arising out of the alleged ten-day delay in conducting the rehearing on the charge of extortion. Moreover, as petitioner concedes, extortion charge was dropped and he was, thereafter, charged with operating an unauthorized business in prison. *Petitioner's Brief at pp. 22-23*. Therefore, his complaint regarding TDCJ procedures attendant to a rehearing on the charge of extortion are moot. For the foregoing reasons, petitioner cannot prevail on this ground for relief.

In his second ground for relief, Jost argues that there was insufficient evidence to support the finding of guilt on the charge of operating an unauthorized business in prison. He states that, without formal written notice, without evidence, without testimony and without issuing a new disciplinary case, the disciplinary hearing officer suddenly declared him not guilty of extortion and guilty of operating an unauthorized business in prison. *Petitioner's Brief at p. 23*. Petitioner states that he objected to no avail and that comments were added to the disciplinary report after the hearing which constitutes falsification of state records. *Id.*

Federal habeas review of the sufficiency of the evidence in a prison disciplinary action is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985); *see Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (requiring the court to determine whether "any evidence at all" supports disciplinary action taken by prison officials).

Review of the *Transcript of Audiotape of Disciplinary Hearing* (Doc. #55) reveals that Jost not only entered a plea of guilty to the charge of operating an unauthorized business in prison, he provided some of the evidence upon which the finding of guilt was based through his own testimony. During the hearing Jost, and counsel substitute who was representing him, tried to convince the hearing officer that Jost was guilty of trafficking and trading, but not extortion. *Transcript of Audiotape of Disciplinary Hearing at p.8 lines 21-23, p.21 lines 13-16, p.22 lines 5-8 (hereinafter "Disciplinary Transcript at p. ___ lines ___").* Jost testified in pertinent part:

> I tried to help him [another inmate] and did everything I possibly could. I told him that if he would buy the books and give them to me, I'd do this whole case. If he would send me $200 I would do the whole thing up through the appeal up to court ....
>
> .... I did not deceive him. He knew what he was doing. I did not extort books from him. This is a trafficking and trading according to 03.51 ....

*Disciplinary Transcript at p. 21 lines 18-21, p.22 line 22 (top of page) and lines 5-8.*

Thereafter, the hearing officer took a recess to make his decision. Upon resuming the hearing, the officer stated that, after reviewing the facts, he felt that operating an unauthorized business was a more appropriate charge than extortion. *Id. p. 22 lines 20-24.* He informed Jost that the charge was being changed and that he was entitled to 24 hour notification of the new charge, which he could waive. *Id. p. 23 line 25 (top of page) and lines 1-4.* The hearing officer made it clear that waiving

the 24 hour notice of the charge was Jost's choice. *Id. p. 23 lines 5-6*. Jost immediately waived 24 hour advance notice of the new charge and entered a plea of guilty. *Id. p. 23 lines 5-15*. Based upon the testimony presented, the officer's report and Jost's own admission of guilt, the hearing officer found him guilty of operating an unauthorized business in TDCJ. *Id. p.23 lines 16-20*. He imposed punishment with no objection whatsoever from Jost or from counsel substitute. *Id. p.23 lines 24-25, p. 24 lines 1-14*. The evidence relied upon by the hearing officer constitutes some evidence of guilt. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001) (finding that a prison incident report alone constitutes "some evidence" of guilt). Thus, any challenge to the sufficiency of the evidence must fail.

Jost alleges that, after the hearing, comments were added to the disciplinary report which constitutes falsification of state records. Unfortunately, he has failed to describe how the alleged post-hearing falsifications resulted in a constitutional violation. Absent some allegation about how his rights were violated and without some evidence in the record to support such an allegation, Jost is not entitled to relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

In his third ground, petitioner claims that he was denied the right to confront or question his accuser, who happened to be the officer conducting the disciplinary hearing.[2] Because there is no constitutional right of confrontation or cross-examination in the context of a prison disciplinary

---

[2] The court notes that the Disciplinary Report and Hearing Record indicates D. Flori was the charging officer. The disciplinary hearing officer was Major Sperry. *Petitioner's Response to Respondent Quarterman's Answer, Exhibit #4*.

*RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS - Page 7*

proceeding, Jost cannot prevail on this ground for relief. *See Wolff,* 418 U.S. at 567-68; *Wade v. Farley,* 869 F.Supp. 1365, 1375 (N.D. Ind. 1994).

In his fourth ground for relief, Jost states that he was denied the right to call witnesses and denied the right to present evidence in his defense. Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter,* 782 F.2d 1275, 1282 (5th Cir. 1986). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn,* 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). Jost has identified three witnesses whom he claims were sitting outside the hearing room ready to testify. *Transcript of Habeas Evidentiary Hearing p.81 lines 19-25, p.82 lines 1-25 (hereinafter "Evidentiary Transcript at p. ___ lines ___ .").* However, he has failed to offer the nature of their testimony or demonstrate that any of the witnesses identified would actually have testified on his behalf. Moreover, the record reflects that, after the charge was changed from extortion to operating an unauthorized business and Jost entered his plea of guilty, he never asked to call any witnesses. Any claim that he was denied witnesses on the extortion charge is moot. Therefore, he is not entitled to relief on this ground.

Petitioner claims that he was not permitted to present evidence in his defense. *Petitioner's Brief pp.24-25.* Specifically, Jost states that he was not allowed to present notes, records and

affidavits which would have proven that he did not extort property from inmate Harvey Orr. *Id. at p.25*. Review of the disciplinary record reflects that Jost expressed a desire to present documentary evidence, however, the record does not reflect the nature or substance of the evidence he wished to present. *See Respondent's Answer, Exhibit B at p.6*. Review of the petition reveals that Jost has failed to state the substance of the documentary evidence or describe how such evidence would have assisted in his defense. *Petitioner's Brief at p. 25*. Because this ground for relief is unsupported by the record, Jost cannot prevail. *See Ross v. Estelle*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Moreover, Jost states that the evidence would have shown he was not guilty of extortion. *Petitioner's Brief at p. 25*. As discussed earlier, that charge was dropped. Therefore, Jost's claims regarding documentary evidence to defend against the extortion charge are moot.

Next, Jost alleges that the hearing officer stopped and started the disciplinary hearing audio tape thereby leaving out key parts of the disciplinary hearing. During the evidentiary hearing, the disciplinary hearing officer, Steven Sperry, testified that, with the exception of one incident, every time the hearing tape was turned off, he stated that he was going to recess and stated the purpose of the recess on the record prior to turning off the tape. *Evidentiary Transcript at p.117 lines 8-14*. The one time he didn't state the reason for turning off the tape was when the recorder ran out of tape during the hearing. *Id. at lines 8-22*. The transcript of the disciplinary hearing audiotape supports Steven Sperry's testimony. There is nothing in the record of this case to indicate that key portions

of the disciplinary hearing were left out when the tape was turned off. Petitioner is not entitled to habeas relief on this ground.

In his sixth ground for relief, Jost alleges that the charging officer submitted a falsified charging instrument. *Petitioner's Brief pp. 25-26*. He states that the charging officer was under pressure from superiors to expose inmates who might be guilty of the new extortion directive. *Id. at p. 26*. He claims that all such inmates were found guilty because Flori needed and wanted extortion convictions by any means necessary. *Id.* There is nothing in the record of this case to support this allegation. Absent evidence to support such an allegation, habeas relief may not be granted. *See Ross*, 694 F.2d at 1011; *Schlang*, 691 F.2d at 799. In short, Jost's subjective belief that Flori had some ulterior motive in bringing the charge against him, without more, is insufficient to warrant habeas relief.

Next Jost claims that he was denied effective assistance of counsel. *Petitioner's Brief at p.26*. A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976); *Enriquez v. Mitchell*, 533 F.2d 275 (5th Cir. 1976). If there is no constitutional right to counsel in a disciplinary proceeding, the prisoner cannot be deprived of effective assistance of counsel, even where counsel or "substitute counsel" is appointed.[3] *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *see also Blankenship v. Johnson*, 118 F.3d 312, 316 (5th Cir. 1997) (claim of ineffective assistance of counsel must be

---

[3] In many prison disciplinary proceedings, a non-lawyer advocate, known as "substitute counsel" is appointed to assist the inmate in presenting his defense.

*RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS - Page 10*

predicated on underlying right to the assistance of counsel). Petitioner cannot succeed on this ground for relief.

In his eighth ground for relief, petitioner claims that the disciplinary action was taken against him for purposes of retaliation. *Petitioner's Brief p.5.* Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate "must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods*, 60 F.3d at 1166). This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell*, 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Petitioner claims that Lt. Danny Scott threatened him with false disciplinary actions because petitioner was able to get his original disciplinary case overturned. *Petition p.5; Evidentiary Transcript at p.52 lines 1-8, p. 91 lines 2-14.* He further states that Scott was upset with him for filing grievances against Scott in 2004. *Id. at p.91 lines 15-22.* During the evidentiary hearing, petitioner conceded that the disciplinary actions allegedly brought against him for purposes of

retaliation were filed before his original extortion case was overturned. *Id. at p.95 lines 18-24.* Therefore, the later disciplinary actions could have been filed in retaliation for the original case being overturned.

With regard to petitioner's claim that the disciplinary cases were brought against him for filing grievances against Lt. Scott, the record reveals that Warden Caskey made the decision to rehear petitioner's extortion case, not Lt. Scott. *Id. at p.96 lines 19-23.* Jost testified that Warden Caskey was not biased or prejudiced against him, rather, he was "extremely fair." *Id. at p. 96 lines 24-25 and lines 1-2 (bottom of page).* However, petitioner testified that he "was told" that Lt. Scott had influence over the Warden's decision to rehear the case. *Id. at p.97 lines 24-25 and lines 1-2 (bottom of page).* Contrary to the petitioner's testimony, Steven Sperry testified that no prison guard or anybody with daily contact with inmates had any influence over the warden's decision to rehear a disciplinary case. *Id. at p.112 lines 15-24.*

Unfortunately, petitioner's hearsay statement that he "was told' Scott had influenced the warden in his decision is insufficient to demonstrate a retaliatory motive. The court credits the testimony of Steven Sperry with regard to this issue. Petitioner has failed to articulate facts which could demonstrate that anyone involved in the disciplinary proceeding acted for purposes of retaliation. His allegations are conclusory in nature and, as such, he is not entitled to relief on this ground. *See Ross*, 694 F.2d at 1012.

Next, petitioner claims that he was wrongfully denied the right to 24 hours notice of the charge against him, operating an unauthorized business in TDCJ. As discussed earlier, Jost waived his right to 24 hour notice. Upon resuming the hearing, Officer Sperry stated that, instead of extortion, the charge of operating an unauthorized business in TDCJ was more appropriate in light

of the facts. *Disciplinary Transcript p. 22 lines 20-24.* He explained to Jost that he could waive the 24 hour notice requirement. *Id. p. 23 line 25 (top of page) and lines 1-4.* Sperry clear stated that waiving the 24 hour notice was Jost's choice. *Id. p. 23 lines 5-6.* Jost immediately waived 24 hour advance notice of the new charge and entered a plea of guilty. *Id. p. 23 lines 5-15.* Where there appears some evidence in the record that an inmate waived his right to 24 hour notice of a disciplinary charge, that waiver will be upheld. *See Graham v. Johnson*, 273 F.3d 392, 2001 WL 1012699 at p.1 (5th Cir. 2001) (finding some evidence that the appellant waived his right to 24 hours' notice and holding that the district court erred in determining that the inmate was denied his due process right to such notice). The evidence in the case at bar indicates that Jost clearly waived his right to 24 hour notice and there is no credible evidence in the record to indicate that the waiver was involuntary. Therefore, he is not entitled to habeas relief on this ground.

In his next ground for relief, Jost argues that his plea of guilty was involuntary. *See Petitioner's Brief at p. 22.* The transcript of the disciplinary hearing does not support this ground for relief. As discussed earlier, the hearing officer informed Jost of the new charge which was based, in large part, upon Jost's own testimony. Without hesitation, Jost entered his plea of guilty. *Disciplinary Transcript p. 23 lines 5-15.* Although petitioner states that he objected to no avail, *Petitioner's Brief at p. 23,* the transcript of the hearing refutes that claim. After entering his plea of guilty, Jost was found guilty, punishment was imposed and he was advised of his right to appeal. *Disciplinary Transcript p. 23 lines 1-25 and p.24 lines 1-10.* No objections were lodged. Jost cannot prevail on this ground.

Finally, petitioner seeks relief on the ground that he is wrongfully classified as a "predatory" inmate because of the extortion charge for which he was not found guilty. *Supplemental Petition*

*at p. 3.* He argues that this erroneous classification has caused him to be housed in a special "predatory cell." *Id.*

Petitioner has failed to state a colorable claim for relief. Prisoners maintain a constitutionally protected liberty interest only to be free from "atypical and significant hardship[s]" as compared with the "ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Following *Sandin*, "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status." *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Placement in a certain type of cell based upon classification is merely incidental to the ordinary life of a prisoner and, thus, is not a ground for a constitutional claim. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996); *see also Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (prisoners have no liberty interest in avoiding disciplinary segregation). "[A]dministrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192,193 (5th Cir. 1995). "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Therefore, "any alleged due process or other constitutional violation arising from [an inmate's] classification is indisputably meritless." *Harper*, 174 F.3d at 719. Because Jost has not alleged a deprivation of a constitutionally cognizable liberty interest, he is not entitled to habeas relief.

To the extent, if any, that Jost seeks relief on the ground that the he was denied the right to a fair and impartial hearing officer, he cannot prevail. In the context of a prison disciplinary action, the impartial tribunal requirement dictates that an official with direct, personal or other substantial involvement in the circumstances giving rise to the charge may not participate as a hearing officer.

*Rhodes v. Robinson*, 612 F.2d 766, 773 (3d Cir. 1979); *Wilson v. Superior Court*, 21 Cal. 3d 816, 825, 148 Cal. Rptr. 30, 37, 582 P.2d 117, 124 (1978). Additionally, a hearing officer should not have any pre-existing bias or opinion which would preclude him from making a fair, impartial and informed decision. *See Morrissey v. Brewer*, 408 U.S. 471, 486 (1972).

In the instant case, there is no indication that the hearing officer was involved in the circumstances underlying the charge against Jost and there is no indication from the record that the officer had some pre-determined opinion or bias against petitioner. Therefore, any such claim is unsupported by the record. Therefore, Jost is not entitled to relief.

Petitioner has failed to present a ground for relief which could show that the disciplinary action taken against him was constitutionally infirm.

## RECOMMENDATION

For the foregoing reasons, I recommend to the District Court that the Petition for Writ of Habeas Corpus be denied.

Recommended this 15th day of October, 2008.

ROBERT K. ROACH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.